UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHESTER BELLEVILLE and GWENDOLYN BELLEVILLE,<br><br>    Plaintiffs,<br><br>    v.<br><br>COTTRELL, INC., AUTO HANDLING CORPORATION, TOYOTA MOTOR SALES USA, INC., ROGER OWENS, AMERICAN ZURICH INSURANCE COMPANY and TOYOTA LOGISTICS SERVICES, INC.,<br><br>    Defendants. | Case No. 10-cv-306-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion to remand filed by plaintiffs Chester Belleville and Gwendolyn Belleville (collectively, "the Bellevilles") (Doc. 17). Defendant Auto Handling Corporation. ("AHC") (Doc. 31) and Cottrell, Inc. ("Cottrell") (Doc. 32) have responded to the motion, and the Bellevilles have replied to those responses (Doc. 34).

**I.    Background**

The Bellevilles originally filed this case in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois. On October 7, 2009, they amended their complaint. The First Amended Complaint alleges that, as an employee of Jack Cooper Transport Company ("Jack Cooper"), Chester Belleville was injured on March 18, 2008, while using a chain and ratchet tie-down system on a tractor-trailer rig designed and distributed by defendant Cottrell. The Bellevilles allege that the defendants are liable for their injuries under theories of strict products liability, negligence, breach of contract, breach of warranty, invasion of privacy, conspiracy to invade privacy, consumer fraud, promissory estoppel and/or common law fraud. Gwendolyn Belleville brings a claim for loss of the support and services of her husband Chester.

In November 2009, Cottrell removed this case under 28 U.S.C. § 1441(a), relying on the Court's original diversity jurisdiction under 28 U.S.C. § 1332(a) (Doc. 2, No. 09-cv-962-JPG). AHC and the other diverse defendants consented to that removal (Doc. 2-3; No. 09-cv-962). Cottrell believed the Bellevilles, citizens of Illinois, were completely diverse from itself, a citizen of Georgia, defendant AHC, a citizen of Delaware and Missouri, and defendants Toyota Motor Sales USA, Inc. and Toyota Logistics Services, Inc., both citizens of California. Cottrell argued that the citizenships of defendants Cassens Corporation, Cassens & Sons, Inc. (collectively, "the Cassens defendants"), Roger Owens and American Zurich Insurance Company ("AZIC"), all of which were citizens of Illinois, should have been disregarded for the purpose of determining diversity because they were fraudulently joined. In addition, more than $75,000 was in issue, exclusive of interest and costs. On December 10, 2009, while the case was in federal court, the Bellevilles voluntarily dismissed all their claims against the Cassens defendants (Doc. 31; No. 09-cv-962-JPG); the inclusion of the Cassens defendants in the pleadings was apparently due to a typographical error.

On March, 24, 2010, the Court found that Illinois citizens Owens and AZIC were fraudulently joined, so their citizenship could be disregarded for jurisdictional purposes. It found, however, that the presence of the Cassens defendants, both Illinois citizens who Cottrell had not established were fraudulently joined, at the time of removal destroyed diversity jurisdiction and rendered removal improper. Consequently, the Court remanded this case to state court. (Doc. 68, No. 09-cv-962-JPG).

On April 22, 2010, AHC filed a notice of removal, once again bringing the case to this Court, only this time without the Cassens defendants (Doc. 2). At the time of this removal and disregarding the citizenships of the defendants previously found to have been fraudulently joined,

2

the remaining defendants are clearly completely diverse, as required by 28 U.S.C. § 1332(a).  In a motion to remand filed May 11, 2010 (Doc. 17), again the Bellevilles ask the Court to remand the case, this time on the grounds that AHC's notice of removal was untimely because it was filed more than 30 days after the Bellevilles voluntarily dismissed the Cassens defendants from the case in December 2009.  AHC and Cottrell argue that AHC's notice of removal was timely under 28 U.S.C. § 1446(b) because it was within 30 days of receiving the Court's order of remand, the document that it argues rendered the case removable (Docs. 31 & 32).

**II.    Analysis**

A defendant may remove a case filed in state court if the federal court would have had original jurisdiction to hear the case when the plaintiff originally filed it.  28 U.S.C. § 1441(a); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).  "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."  *Schur*, 577 F.3d at 758 (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

If the case stated by a plaintiff's initial pleading is removable, that is, if it states a case over which a federal court has original jurisdiction, the defendant must file a notice of removal within thirty days of receiving the complaint.  28 U.S.C. § 1446(b), ¶ 1.  If the case stated by the initial pleading is not removable on its face, the defendant has thirty days from receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b), ¶ 2.  If the notice of removal is defective for failure to meet time requirements, the Court should remand the case pursuant to 28 U.S.C. § 1447(c).

The parties who have chimed in on this matter take different positions about when this case was first removable. The plaintiffs argue that diversity became complete when it dismissed the non-diverse Cassens defendants from the case and that its December 10, 2009, notice of dismissal[1] constitutes the "other paper from which it may first be ascertained that the case is one which . . . has become removable" under § 1446(b) ¶ 2. Thus, under the Bellevilles' view, the notice of removal had to be filed by January 11, 2010. AHC and Cottrell agree that § 1446(b) ¶ 2 governs the notice of removal deadline, but argue that the Court's March 24, 2010, order of remand is the critical document that started the 30-day time period. Before that document was filed, they note, they could not have filed a notice of removal because the case had already been removed.

The Court believes both parties are likely in error. Although they are correct that § 1446(b) ¶ 2 governs the time period in which a notice of removal must have been filed, the document triggering the 30-day removal period appears to be the First Amended Complaint filed on October 7, 2009. In the defendants' view, it was ascertainable from the First Amended Complaint that federal diversity jurisdiction under 28 U.S.C. § 1332(a) existed because the non-diverse defendants were fraudulently joined. Cottrell's November 2009 notice of removal stated as much, and AHC concurred when it consented to removal. Indeed, had the defendants argued

---

[1] The notice of dismissal itself terminated the Cassens defendants. A notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) is self-effectuating and needs no further order of the Court to cause the dismissal. *Scam Instrument Corp. v. Control Data Corp.*, 458 F.2d 885, 888-89 (7th Cir. 1972) (holding that if plaintiff "was entitled to Rule 41(a)(1) [now Rule 41(a)(1)(A)(i)] procedure its voluntary dismissal automatically terminated the action upon the filing of the dismissal with the clerk. No order of court was required"). That is precisely why the Court's December 16, 2009, order *acknowledged* that the plaintiffs had dismissed the Cassens defendants but did not purport to dismiss them itself.

persuasively in response to the Bellevilles' first motion to remand that the Cassens defendants had been fraudulently joined, the case would have remained in federal court. However, they did not press that cause, erroneously assuming the Cassens defendants' post-removal dismissal from the case rendered their presence at the time of removal irrelevant. As a consequence, Cottrell, as the proponent of removal, failed to carry its burden of showing federal jurisdiction existed, and the Court remanded the case.

The foregoing discussion assumes the Cassens defendants were fraudulently joined. What if they were not? In that case, the action would not have become removable until the Cassens defendants were dismissed on December 10, 2009. At that time, however, the defendants were handicapped by Cottrell's premature notice of removal (which would have been meritless if the non-diverse Cassens defendants had *not* been fraudulently joined). Its premature notice of removal caused the defendants to be in a position where they could not file a notice of removal in the 30-day window that would have been available to them under § 1446(b) ¶ 2 had they not jumped the gun: December 10, 2009, to January 11, 2010.

There is yet a third possibility: that the Cassens defendants were fraudulently joined but the fraudulent joinder was not detectable when the amended complaint was filed. In that situation, the 30-day removal period would have run from the date the grounds for removal were revealed. *See Lovern v. General Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). This is not the case, however, because the diverse defendants recognized the likelihood of fraudulent joinder when the Bellevilles filed the First Amended Complaint. Even if it were the case, the grounds for removal were revealed, at the latest, at the time the Bellevilles voluntarily dismissed the Cassens defendants in December 2009, at which time the premature notice of removal prevented the defendants from filing a timely one.

In opposition to remand, AHC and Cottrell cite *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782-83 (7th Cir. 1999).  While that case demonstrates the proposition that multiple notices of removal are possible, the case is distinguishable from the case at bar.  *See id.* at 782.  There, the case was removed, remanded for failure to meet the minimum amount in controversy requirement, and removed a second time after new discovery revealed the amount in controversy was met.  *Id.* at 782-83.  However, in *Benson*, the change in circumstances happened after the first remand, when the case was back in state court, and the second notice of removal was within 30 days of the defendant's receipt of the new discovery material revealing a higher amount in controversy.  *Id.* at 783.  The timeliness of the second notice of removal was simply not an issue in *Benson*.  Therefore *Benson* does not shed light on the issues in this case.

Similarly, other cases cited by Cottrell examine situations where the change in removability status occurs *after* the initial remand and/or where compliance with the 30-day removal period was not an issue.  *See Kirkbride v. Continental Cas. Co.*, 933 F.2d 729, 733 (9th Cir. 1991) (party substitution making case removable occurred after remand;  timeliness not an issue because notice of removal filed within 30 days of party substitution);  *Johnson v. America Online, Inc.*, 280 F. Supp. 2d 1018, 1021 (N.D. Cal. 2003) (discovery of higher amount in controversy occurred after remand;  compliance with 30-day removal period not an issue);  *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 53 (1st Cir. 2009) (noting that after a remand, successive attempts at removal may be warranted where removal becomes apparent later in the litigation);  *Jordan v. Equity Group Eufaula Div., LLC*, 648 F. Supp. 2d 1246, 1246-47 (M.D. Ala. 2009) (addition of federal question occurred after remand;  notice of removal filed within 30 days of amended pleading);  *Brown v. JEVIC*, 575 F.3d 322, 325 (3d Cir. 2009) (timeliness not an issue).

*BKAP LLC v. Captec Franchise Trust 2000-1*, 2009 WL 3075353 (N.D. Ind. 2009), is the only case cited that resembles this case in relevant respects. In *BKAP*, the district court declined to remand the case to state court when the plaintiff dismissed the non-diverse defendants after removal, noting without any analysis that it would be a waste of judicial resources to remand the case when it could simply be removed again. *Id.* at * 2. *BKAP* is not persuasive to this Court for the reasons stated in the Court's prior order of remand. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76-77 (1996). Furthermore, *BKAP* does not address the question at issue in *this* round of this case – the notice of removal timing requirements – as opposed to the issue in the *last* round – subject matter jurisdiction. Subject matter jurisdiction is no longer an issue in this case.

Cottrell also cites *Poulos v. NAAS Foods, Inc.*, 132 F.R.D. 513, 520 (E.D. Wis. 1990), in support of the proposition that diversity subject matter jurisdiction exists after a defendant has voluntarily dismissed all non-diverse defendants. That proposition is unremarkable but also unhelpful in this case, where the critical question is whether the correct removal *procedure* was followed, not whether the Court has subject matter jurisdiction. Indeed, if, for example, the Bellevilles had been too late in filing their motion to remand based on a procedural defect, the Court would have been able to hear this case despite the defect in the removal procedure. The Bellevilles, however, filed a timely motion to remand. As a consequence, despite the Court's jurisdiction to hear this case, it will not due to a procedural defect in the removal process.

Regardless of whether the Cassens defendants were fraudulently joined, AHC's notice of removal was filed beyond the applicable 30-day removal period, which the Court strictly construes. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). For this reason, the Court **GRANTS** the Bellevilles' motion to remand (Doc. 17) and **REMANDS** this case pursuant to 28 U.S.C. § 1447(c) to the Circuit Court for the Third Judicial Circuit in Madison

County, Illinois, based on a defect in the removal procedure.  The Court further finds that an award of costs and attorney's fees to the Bellevilles is inappropriate in this case as it appears that the defendants' successive remands had as their root cause the Bellevilles' apparent failure to have a good faith basis for involving the Cassens defendants in this case.

**IT IS SO ORDERED.**
**DATED:  July 28, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
